L7UKMOLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NILS MOLDER, individually and
on behalf of all others
similarly situated,

                    Plaintiff,

          v.                          21 CV 4520 (DLC)
                                      Remote Conference
UBIQUITI, INC.; ROBERT J.
PERA; and KEVIN RADIGAN,

                    Defendants.

------------------------------x
                                      New York, N.Y.
                                      July 30, 2021
                                      2:00 p.m.

Before:

                    HON. DENISE COTE,

                                      District Judge

                         APPEARANCES

GLANCY PRONGAY & MURRAY LLP
     Attorneys for Plaintiff Nils Molder
BY:  CHARLES H. LINEHAN
     GREGORY BRADLEY LINKH

THE ROSEN LAW FIRM PA
     Attorneys for Lead Plaintiff Movant Irit Lukomski
BY:  JONATHAN STERN

SIMPSON THACHER & BARTLETT LLP
     Attorneys for Defendants
BY:  PETER ERIC KAZANOFF
     JONATHAN STEWART KAPLAN

L7UKMOLC

(The Court and all parties appearing telephonically)

(Case called)

THE COURT:  Is counsel for proposed lead plaintiff Molder present?

MR. LINEHAN:  Yes, your Honor.  This is Charles Linehan, from Glancy Prongay & Murray, on behalf of Nils Molder, and on the line with me is Gregory Linkh, also from Glancy Prongay & Murray.

THE COURT:  Thank you.

Is counsel for proposed lead plaintiff Lukomski present?

MR. STERN:  Yes, your Honor.  This is Jonathan Stern, from the Rosen Law Firm, on behalf of lead plaintiff movant Irit Lukomski.

THE COURT:  Thank you.

Is counsel for the defendants present?

MR. KAZANOFF:  Yes.  Good afternoon, your Honor.  It's Peter Kazanoff, and my colleague, Jonathan Kaplan, is on the line, from Simpson Thacher & Bartlett, on behalf of the defendants.

THE COURT:  And you're representing all the defendants, Mr. Kazanoff?

MR. KAZANOFF:  That's correct, your Honor.

THE COURT:  Thank you so much.

I have a letter of July 29 from defense counsel asking

that the date to respond to the complaint in this action be a date set at this conference, that would follow the filing of any additional amended complaint, and I expect there will be no opposition to that, and we'll adopt that proposal.

But let's first turn to the appointment issue.

I have two applications for appointment of lead plaintiff in support of their request for counsel. I have a stipulation asking that they be appointed as lead plaintiff and both law firms selected as counsel in this action. As plaintiffs' counsel are probably aware, it's not my practice to appoint multiple plaintiffs and multiple counsel unless there is good and sufficient reason to do so in the individual action. It's not apparent to me that that need exists here, so I'd like to understand, a little better than I do from the papers that have been submitted, exactly who these plaintiffs are and what kind of communications have occurred between counsel and their plaintiffs.

Why don't we start, then, on behalf of the application for plaintiff Molder. I'll hear from you, Mr. Linehan. You describe Mr. Molder as a student who lives in Estonia; is that right?

MR. LINEHAN: That is correct, your Honor.

THE COURT: I take it from the declaration that he has never served as a plaintiff before?

MR. LINEHAN: That is correct, to my knowledge, your

L7UKMOLC

Honor.

THE COURT:  Okay.

Have you spoken to Mr. Molder?

MR. LINEHAN:  I have not spoken directly.  My colleague at my firm has been in communications and spoken with him.

THE COURT:  Okay.

Can you tell me anything else about Mr. Molder that would give me a sense of why he would be a good plaintiff in this action?

MR. LINEHAN:  Sure.  So, he does have a modest level of investing experience, has been managing his own portfolio for a couple of years, he's pursuing currently -- about to pursue a university education, and, as the PSLRA requires, he did claim to have the largest loss of the two applicants, and, therefore, presumably, the largest financial interest in the case.

THE COURT:  By about $9, right?

MR. LINEHAN:  That is correct, depending on how it's calculated.  I believe that there was -- there's an issue as to whether Ms. Lukomski's shares were purchased before or -- sorry, were sold before or after the final disclosure on the 30th, which would affect the loss, but I don't believe that issue has been resolved or the answer to when those purchases occurred exactly has been answered, and it could affect the

L7UKMOLC

loss substantially.

THE COURT:  Thank you.

Let me turn to you, Mr. Stern.  What can you tell me about Ms. Lukomski?

MR. STERN:  Yes, your Honor.  Ms. Lukomski is in Jerusalem, in Israel.  She is an office manager for a nonprofit that helps soldiers in Israel deal -- reacclimatize to civilian life.  She is in an investment for about a year, and she is eager to work in this case.

THE COURT:  Have you spoken with her?

MR. STERN:  I directly have not.  Somebody from my office has.

THE COURT:  How did you come in contact with Ms. Lukomski?

MR. STERN:  I believe — and I would verify this with Mr. Kim — I believe what happened was that she contacted us after seeing the press release.

THE COURT:  Okay.

I notice that her sale on the 30th was at a price of, I believe, 36 — I'm sorry, I'm just going to have to look at the papers again — it was for a price substantially less than the purchase price; am I right?

MR. STERN:  Yes.  Let me pull up the exact paper.

Yes, so she made a purchase for --

(Pause)

L7UKMOLC

MR. STERN:  Sorry, the purchase price was 388.75 and the sale price was $361.

THE COURT:  Okay.

So, I don't find that there is much to choose between these two proposed plaintiffs in terms of financial stake or loss in this litigation; they're substantially equivalent. Ms. Lukomski has the advantage of having bought a few days earlier than Mr. Molder and having made a partial sale while still holding shares in the security; instead, Mr. Molder made a purchase with no sale, and his purchase was on March 29th. The class period, as proposed by the plaintiffs here, is to end on March 30th.

Now, the Rosen Law Firm here is represented by Mr. Stern, who would be lead plaintiff's counsel in this litigation.  Am I right, Mr. Stern?

MR. STERN:  Yes, that's correct.

THE COURT:  You would be principal trial counsel here if Ms. Lukomski was selected?

MR. STERN:  Yes, your Honor.

THE COURT:  And where is your office located?

MR. STERN:  40th Street and Madison Avenue.

THE COURT:  So, here in New York City?

MR. STERN:  Yes.

THE COURT:  Thank you.

And, Mr. Linehan, I take it you would be principal

L7UKMOLC

trial counsel if Mr. Molder was selected?

MR. LINEHAN:  Leanne Heine Solish from our office would be principal trial counsel if Mr. Molder were selected.

THE COURT:  Why is that person not on the phone?

MR. LINEHAN:  She had a scheduling conflict and could not make it today, is my understanding.

THE COURT:  Okay.

And where is her office located?

MR. LINEHAN:  Her office is in Los Angeles, but -- she works in Los Angeles, but our firm also has a location in New York, an office in New York.

THE COURT:  Thank you very much, Mr. Linehan.  I'm sorry that Ms. Solish couldn't be with us today.  I hope she's well.

So, I am going to appoint Ms. Lukomski as lead plaintiff here, and we'll accept the Rosen Law Firm as her counsel and counsel for the putative class.

Let's set a schedule, then, for this litigation going forward.  Do you want, Mr. Stern, to file an amended complaint?

MR. STERN:  Yes, your Honor.

THE COURT:  How long do you want for that?

MR. STERN:  If we could have 60 days, that would be great.

THE COURT:  Why don't we choose the middle of September.  Shall we say September 17th?

L7UKMOLC

MR. STERN:  I might be doing depositions that week. Could we possibly say September 24th?

THE COURT:  Sure.  September 24th for an amended complaint, and that will set the schedule, then, for the defendants moving or answering, and that will be roughly October 15th.

Is that agreeable, Mr. Kazanoff?

MR. KAZANOFF:  Yes, your Honor.  If it would be possible to have one additional week?  If it does end up being October 15th, I have an out-of-town mediation that week, so if it's possible to just move it to the 22nd, that would be much appreciated.  But we're happy to do it on the 15th as well if that's your Honor's preference.

THE COURT:  Okay.  October 22nd for the defendants to move or answer.

If we don't get a motion to dismiss, I'll schedule a conference to follow quite promptly after that, to schedule discovery.  If there is a motion to dismiss, an opposition will be due November 12th, and the reply will be due December 3rd. I'm giving an extra week there for the reply, to accommodate Thanksgiving week.

Let me ask you, Mr. Stern, is there anything else that we need to do?

MR. STERN:  No, I think that covers everything on my end, your Honor.

L7UKMOLC

THE COURT:  And, Mr. Kazanoff, anything else we need to do?

MR. KAZANOFF:  Nothing, your Honor, other than I understand our response date will be extended on the initial complaint that was filed in the action?

THE COURT:  Yes.  You don't have to move or answer with respect to any pleading until October 22.

MR. KAZANOFF:  Thank you, your Honor.

THE COURT:  Good.  Stay well, everyone.  Good luck. Thanks.

MR. KAZANOFF:  Thank you, your Honor.

                              * * *